IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STACI N. ARNONE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-0914-CV-W-FJG |
| OAK GROVE R-VI SCHOOL DISTRICT, | ) ) ) ) |
| Defendant. | ) ) ) |

## ORDER

Pending before the Court are (1) Plaintiff's Motion to Remand (Doc. No. 5) and (2) Defendant's Motion to Dismiss Case and for a Permanent Injunction (Doc. No. 4). Each will be examined below.

I. Background

The pending case is very similar to another case formerly pending in this Court, wherein plaintiff Staci Arnone alleged various causes of action arising out of an incident where her high school basketball coach, Bradley Gaines, allegedly cursed at her during a basketball game (among other things, calling her a "dumb f-cking blonde") and otherwise caused her harm. On September 9, 2002, plaintiff Staci Arnone filed her first petition ("Arnone I") in the Circuit Court of Jackson County, Missouri in Kansas City. That case was removed to this Court on October 30, 2002 (Case No. 02-1024). Among the claims brought

in Arnone I were claims of intentional infliction of emotional distress, negligent infliction of emotional distress, assault, battery and 42 U.S.C. § 1983 violation against Gaines; and claims for Title IX and 42 U.S.C. § 1983 violations against defendant Oak Grove.

Plaintiff never moved to amend her pleadings in Arnone I, in which the deadline for filing a motion to amend pleadings was May 30, 2003. However, on January 28, 2004, plaintiff filed a second lawsuit in the Circuit Court of Jackson County, Missouri in Independence against defendant Oak Grove only ("Arnone II", the pending case). In Arnone II, plaintiff asserted only state law claims of negligent hiring/retention and negligent supervision. On February 20, 2004, defendant Oak Grove filed its motion to enjoin plaintiff from proceeding in Arnone II. This Court agreed with defendant Oak Grove, and on April 16, 2004, this Court entered an Order enjoining plaintiff from proceeding in Arnone II because that petition was filed to subvert the removal jurisdiction of this Court. The Court's Order stated that the injunction would "continue in effect until further action or order of this Court or the entry of final judgment in Case No. 02-1024. . . ." See Doc. No. 191.

On September 8, 2004, this Court entered an Order dismissing all federal claims pending against both Gaines and defendant Oak Grove, and remanding all remaining state claims to the Circuit Court in Jackson County, Missouri.

On October 6, 2004, defendant Oak Grove removed Arnone II to this Court. Plaintiff seeks to have Arnone II remanded to state court for lack of jurisdiction. Defendant seeks to have the claims found in Arnone II dismissed, and further seeks to have plaintiff permanently enjoined from pursuing the claims in Arnone II or from filing any new lawsuits arising out of the same set of facts.

2

II. Plaintiff's Motion to Remand (Doc. No. 5)

Plaintiff states that this case must be remanded to state court because the action is brought between Missouri citizens and brought exclusively under state law, so this case is not removable under 28 U.S.C. §§ 1331 or 1332. Plaintiff also suggests that defendant's claim that the petition "alleges a controversy arising under the laws of the United States under 28 U.S.C. §§ 1331 and 1651(a) in that Oak Grove seeks to protect a judgment properly obtained in Federal Court. . ." is without merit because the Court remanded plaintiff's state law claims remaining in Arnone I to state court.

Defendant responds that Arnone II presents a federal question under the All Writs Act, 28 U.S.C. § 1651(a), in that the Court has previously decided an issue that bars the prosecution of the state action. Specifically, defendant notes that it has not removed the state law claims that were remanded in Arnone I; rather, it has removed the second-filed state lawsuit, which was filed several months after the deadline for filing motions for leave to amend had passed in Arnone I. Defendant further responds that the judgment it seeks to protect is the Court's April 16, 2004 judgment that plaintiff's claims in Arnone II were filed to subvert the jurisdiction of the federal court.

Under the All Writs Act, as long as the original lawsuit was appropriately in federal court and the judgment for which protection is sought was properly obtained in federal court, the court retains subject matter jurisdiction to remove any subsequent state law action for purposes of applying the All Writs Act. See Canady v. Allstate Ins. Co., 282 F.3d 1005, 1012-13, fn. 6 (8th Cir. 2002). Defendant states that this test is met because (1) Arnone I was properly removed as it stated both state and federal claims; (2) the Court's April 16, 2004, ruling in Arnone I was properly rendered because the Court concluded that

3

Arnone II was filed in state court for the purpose of undermining the deadline in Arnone I for amending pleadings; (3) the Court's Order of September 8, 2004, had the effect of a final judgment which in turn had the effect of rendering Arnone II appropriate for removal under the All Writs Act and application of the re-litigation exception of the Anti-Injunction Act (see Canady, 282 F.3d at 1013).

Plaintiff replies that defendant is actually stating an affirmative defense of res judicata or claim preclusion, and therefore the case is not removable. However, plaintiff misunderstands the nature of defendant's legal arguments. The Court notes that the case cited by plaintiff in support of her argument that res judicata as an affirmative defense does not support removal jurisdiction (Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998)), was distinguished in the Canady opinion, which found that where a party is petitioning the court for a permanent injunction based on the relitigation exception to the Anti-Injunction Act, the principles of res judicata and collateral estoppel are not considered a defense but rather as a federal claim presented in the defendant's petition for injunctive relief under the All Writs Act. See Canady, 282 F.3d at 1113, fn. 6. As in Canady, defendants in Arnone II are petitioning for a permanent injunction based on in the relitigation exception to the Anti-Injunction Act.

Therefore, the Court agrees with defendant that it has jurisdiction pursuant to the All Writs Act to protect its judgment that Arnone II was filed in order to subvert this Court's jurisdiction. Plaintiff's motion to remand (Doc. No. 5) is **DENIED.**

III. Defendant's Motion to Dismiss and for a Permanent Injunction (Doc. No. 4)

Defendant seeks to dismiss the present lawsuit and permanently enjoin plaintiff from

4

proceeding further on this case and any new claims based on the same set of facts as found in Arnone I. As detailed above, in Arnone I plaintiff filed a six count complaint, wherein all claims arose out of incidents that occurred in connection with plaintiff's participation in the Oak Grove basketball team coached by Bradley Gaines. Plaintiff missed the deadline for filing an amended complaint in Arnone I, and instead filed a second lawsuit in state court nearly eight months after the deadline for filing an amended complaint had passed in Arnone I. This Court enjoined plaintiff from proceeding in Arnone II because the Court found that plaintiff had filed that lawsuit in an attempt to subvert this Court's jurisdiction. Following the final judgment in Arnone I (in which the federal claims were dismissed and the remaining state claims were remanded), plaintiff petitioned the state court in Arnone I to consolidate Arnone I and Arnone II because the two cases involved "the same questions of law and fact."[1]

Defendant states that this Court has the authority, under the Anti-Injunction Act, 28 U.S.C. § 2283, to dismiss this case and enjoin plaintiff from pursuing new claims arising from the same facts as Arnone I. The Anti-Injunction provides that a "court of the United States may not grant an injunction to stay proceedings in state court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283. Defendant relies on the third exception, "to protect or effectuate its judgment," commonly known as the "relitigation exception." NBA v. Minnesota Prof. Basketball Ltd. P'ship, 56 F.3d 866, 871 (8th Cir. 1995). The relitigation

---

[1] As noted by defendant, this assertion is somewhat contrary to plaintiff's previous assertions in her opposition to defendant's motion for an injunction, wherein she claimed there were "fundamental differences" between the two lawsuits. See Case No. 02-1024, Doc. No. 115.

exception is rooted in "well-recognized concepts of res judicata and collateral estoppel," and applies when an injunction is required to "protect or effectuate a federal court's judgment."  See Canady, 282 F.3d 1005, 1015 (8th Cir. 2002).

Defendant states that Arnone II is barred by the res judicata effect of Arnone I.  In the Eighth Circuit, a three-part test is used to determine whether res judicata bars later litigation: (1) a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was a final judgment on the merits; and (3) both cases involved the same cause of action and the same parties.  Canady, 282 F.3d at 1014.  As discussed by defendant, the Court properly exercised its federal jurisdiction in rendering judgment in Arnone I because Arnone I was properly removed based on federal question jurisdiction, meeting the first element.  Defendant also notes that the Order granting summary judgment on defendant's Title IX and § 1983 claims constituted a final judgment on the merits, meeting the second element.  With respect to the third element, defendant notes that the same parties are involved, and that the absence of Gaines as a defendant in Arnone II has no effect on the applicability of res judicata.  See NAACP v. Metropolitan Council, 144 F.3d 1168 (8th Cir. 1998).

The more difficult question is whether the two cases involve the same cause of action.  As stated by the Eighth Circuit in Canady, "the same cause of action framed in different terms of a new legal theory is still the same cause of action."  Defendant argues that plaintiff claims both actions "involve common questions of law and fact," and notes that the Court also concluded in its April 16, 2004, Order, "Plaintiff's claims in [Arnone II] are obviously based upon the same facts that form the basis for [Arnone I]."  See Doc. No. 191.

6

Defendant also argues that the April 16, 2004 Order also bars plaintiff's claims that could have been brought. As defendant points out:

> The "same transaction" doctrine, expressed both in the rule against "splitting the cause of action" and in the shorthand formula which applies the bar of res judicata to claims which could have been litigated in the first cause of action, is based upon the concept that a cause of action is more than a mere theory of recovery, per se; rather it is a composite of rights flowing from the "transaction."

<u>JBK, Inc. V. City of Kansas City</u>, 641 F. Supp. 893, 899 (W.D. Mo. 1986) (citations omitted).

Defendant states that the Court, via its Order of April 16, 2004, has already concluded that plaintiff impermissibly sought to split her claims. The Court noted in that Order that if plaintiff had timely filed a motion for leave to amend, the Court could have used its supplemental jurisdiction to hear her claims for negligent hiring/retention and negligent supervision. The Court also concluded that plaintiff had provided no evidence that she did not or could not have known of her potential claims for negligent hiring/retention and negligent supervision within the time frame allotted by the Court for filing a motion to amend. Plaintiff did not appeal any of these findings. Finally, defendant notes that plaintiff never requested leave to amend or provided any cause as to why she could not have brought the claims raised in Arnone II initially.

Plaintiff responds that (1) this Court does not have subject matter jurisdiction over the pending action, and (2) there is no basis to dismiss or permanently enjoin plaintiff's claims. With respect to plaintiff's first point, the Court has already determined in its analysis of plaintiff's motion to remand (Doc. No. 5), above, that it has subject matter jurisdiction over this case. Therefore, the Court will move on to plaintiff's remaining arguments.

Plaintiff argues that, because the Court declined to exercise its supplemental

7

jurisdiction over the remaining state law claims in Arnone I, the Court's Summary Judgment Order of September 8, 2004, should have no impact on the merits of the state law claims pending in Arnone II. This argument is not convincing. Frederick v. Simpson College, 160 F. Supp. 2d 1033, 1034 (S.D. Ia. 2001), the case cited by plaintiff, does not change this Court's opinion. In Frederick, like Arnone I (and, undoubtedly, like numerous cases across the country), the district court entered summary judgment on federal claims and remanded remaining state law claims to the state court. However, unlike Arnone I, in Frederick there had not been a second lawsuit filed in state court, nor had there been a previous finding by the federal court that the second lawsuit was filed in an attempt to subvert the federal court's jurisdiction. Here, the Court must distinguish plaintiff's original, timely filed state law claims found in Arnone I from the state law claims filed in Arnone II, which the Court has already found were filed in an attempt to subvert its jurisdiction.

Plaintiff further claims that res judicata does not bar her pursuit of Arnone II. Plaintiff points to the differences in the elements of her Title IX and Section 1983 federal claims brought in Arnone I and her Negligent Hiring/Retention and Negligent Supervision state claims brought in Arnone II. However, plaintiff ignores the authority that provides that in making res judicata determinations, the facts and occurrences that make up a transaction out of which a claim arises are the measure a court must use to determine whether res judicata should apply. See JBK, Inc. V. City of Kansas City, 641 F. Supp. 893, 899 (W.D. Mo. 1986) (citations omitted). Here, the transactions that form the basis for Arnone I and Arnone II are the same; Bradley Gaines allegedly cursed at plaintiff during a basketball game, and defendant Oak Grove was allegedly at fault because Oak Grove hired and retained Gaines. The only real difference, pointed out by plaintiff, is that under the federal

8

statutes plaintiff needed to prove Oak Grove's actual knowledge of Gaines' alleged prior wrongful acts, whereas under the state law claims for negligent hiring/retention and negligent supervision plaintiff need only prove that Oak Grove knew or <u>should have known</u> of Gaines' prior wrongful acts. The difference in these legal theories does not negate defendant's arguments that the facts and occurrences out of which plaintiff's claims arise are the same. Res judicata, therefore, bars plaintiffs' claims stated in Arnone II.

Additionally, the Court finds that the principles of collateral estoppel do not prevent application of the Anti-Injunction Act's relitigation exception. <u>See</u> <u>Canady</u>, 282 F.3d at 1016. Collateral estoppel is appropriate when: (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action. <u>Id.</u>, quoting <u>Wellons, Inc. v. T.E. Ibberson Co.</u>, 869 F.2d 1166, 1168 (8th Cir. 1989). As discussed above, the second and third criteria are met in this case. Plaintiff argues that the issue sought to be precluded is not identical in Arnone II because, in order to prove a claim of negligent hiring/retention, plaintiff would only need to prove that Oak Grove <u>should have known</u> of Gaines' prior wrongful acts, and in Arnone I, the Court only decided that Oak Grove did not <u>know</u> of Gaines' prior wrongful acts. However, the Court finds that plaintiff has mis-identified the issue that is sought to be precluded: the Court finds that the real issue is that the Court has already determined that Arnone II was filed in an attempt to subvert this Court's jurisdiction over Arnone I. That issue is identical in both cases, and the Court's previous determination as to that issue in Arnone I should prevent plaintiff from pursuing her claims in Arnone II

9

now. Furthermore, plaintiff was given a full and fair opportunity to be heard on the issue of whether Arnone II was filed in an attempt to subvert this Court's jurisdiction. Plaintiff did not appeal the Court's ruling on that issue. Therefore, the collateral estoppel effect of the Arnone I judgment justifies application of the relitigation exception to the Anti-Injunction Act in this case.

Plaintiff also argues that the conditions for lifting the injunction placed by the Court's April 16, 2004 Order have been met, in that the Order specifically provides that "this injunction will continue in effect until further action or order of this Court or the entry of final judgment in Case No. 02-1024, currently pending in this Court." Plaintiff states that because final judgment was entered in Arnone I, the injunction entered as to Arnone II should now be lifted and plaintiff be allowed to continue to pursue the claims in Arnone II. However, as defendant notes, even if the injunction was lifted by issuance of the final judgment on September 8, 2004, the basis for granting the injunction (that plaintiff's claims in Arnone II were brought in order to subvert this Court's jurisdiction) remains, gutting plaintiff's claims.

Therefore, the Court **GRANTS** defendant's Motion to Dismiss Case and for Permanent Injunction. The pending matter is **DISMISSED**, and plaintiff is **PERMANENTLY ENJOINED** from filing any new claims that arise out of the same set of facts that gave rise to her claims in Arnone I.

Therefore, for the foregoing reasons:

1) Plaintiff's Motion to Remand (Doc. No. 5) is **DENIED**;

2) Defendant's Motion to Dismiss and for Permanent Injunction (Doc. No. 4) is

10

**GRANTED**;

3) The pending matter is **DISMISSED**; and

4) Plaintiff is **PERMANENTLY ENJOINED** from filing any new claims in any court that arise from the same set of facts as Arnone I (Case No. 02-1024).

**IT IS SO ORDERED.**

                                                /s/ FERNANDO J. GAITAN, JR.
                                                Fernando J. Gaitan, Jr.
                                                United States District Judge

Dated:  April 25, 2005   .
Kansas City, Missouri.